Filed 12/13/22 Miranda v. Nissan Motor Company CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KARLA MIRANDA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NISSAN MOTOR COMPANY, LTD., et al.,<br><br>    Defendants and Respondents. | B316592<br><br>Los Angeles County Super. Ct. No. 19STCV02649 |

APPEAL from an order of the Superior Court of Los Angeles County, Mark C. Kim, Judge. Affirmed.

Law Offices of Ugo O. Asobie and Ugo O. Asobie for Plaintiff and Appellant.

SJL Law, Julian Senior; Bowman and Brooke, Mike H. Madokoro and Robert A. Brundage for Defendant and Respondent Nissan Motor Company, Ltd.

## INTRODUCTION

Oscar Miranda (Miranda) worked as a truck driver at a facility in Long Beach, California. On December 18, 2018, he was assigned to transport a container that was not properly installed on his truck. To rectify the problem, Miguel Rodriguez used a forklift to align the container to the chassis of the truck but part of the forklift broke off and struck Miranda or caused him to fall. Miranda died from his injuries the following day. In addition to suing Rodriguez and other defendants for negligence and premises liability, plaintiff and appellant Karla Miranda (plaintiff) sued defendant and respondent Nissan Motor Co., Ltd. (Nissan) for product liability.[1] Plaintiff alleged that Nissan designed, manufactured, or assembled the forklift, or supplied parts to the manufacturer, and the defective forklift was a substantial factor in causing Miranda's death.

The trial court granted Nissan's motion to quash service of summons for lack of personal jurisdiction. Plaintiff appeals, arguing that Nissan is subject to specific jurisdiction in California because it purposely availed itself of the benefits and protections of the forum. We affirm.

## BACKGROUND

In February 2020, plaintiff filed an unverified second amended complaint in the Superior Court of the State of California for the County of Los Angeles. She sued numerous defendants including the owner of the facility where the container was located, the owner of the container, the owner of

---

[1] Plaintiff sued in her individual capacity, as Miranda's successor in interest, and as guardian of Miranda's children.

the defective truck chassis, and the owner and driver of the forklift, for negligence and premises liability. She also sued Doe defendants 90 through 100 for product liability. Relevant here, plaintiff alleged Does 90 through 95 "designed, manufactured and/or assembled the forklift and/or supplied parts to the manufacturer." She also alleged that a different set of defendants, Does 96 through 100, sold the forklift "to the public and ultimately the final owners of the forklift at the time of the subject incident." In January 2021, nearly a year after plaintiff filed her operative pleading, she filed an amendment to the complaint identifying Nissan as Doe defendant No. 93.[2]

In February 2021, Nissan appeared specially and moved to quash service of summons for lack of personal jurisdiction. In support of its motion, Nissan submitted the declarations of its Deputy General Manager (Jacquelyn Trussell) and its attorney of record (Victor Balladares). Nissan argued the court does not have general or specific jurisdiction over Nissan. As for specific jurisdiction, Nissan contended that plaintiff has not alleged it purposely availed itself of California's benefits, plaintiff does not allege claims arising from Nissan's contacts with California, and finding personal jurisdiction over Nissan would not comport with traditional notions of fair play and substantial justice. Nissan emphasized that it is a Japanese corporation based in Japan, does no business in California, and has no employees or presence in California. In addition, Nissan does not conduct any sales, service, or other business activities in California, nor has Nissan

---

[2] She named a different entity, Nissan Motor Corporation, as Doe defendant No. 94. At plaintiff's request, that entity was dismissed as a defendant in August 2021.

directed its efforts or those of its employees for any of these purposes. Further, "the forklift which is the subject of this lawsuit was manufactured in 1986, and [Nissan] did not export the subject forklift to California or the United States." Although a different entity, Nissan North America, Inc. (NNA), is a California corporation and a wholly owned subsidiary of Nissan, NNA and Nissan are independent and separate legal entities, NNA is not Nissan's agent, and Nissan does not exercise any control over the business decisions made by NNA relating to the distribution and sale of Nissan and Infiniti vehicles in the United States.

Plaintiff requested and received a continuance to conduct jurisdictional discovery. After the continuance, plaintiff submitted a supplemental opposition and additional evidence. Much of it was held inadmissible in rulings plaintiff does not challenge on appeal. The remainder did not include any evidence that Nissan ever did any business or directed products into California.

Primarily, plaintiff relied on the declaration of Paul Herbert, a self-described "trucking and forklift expert." Herbert concluded that the forklift at issue was manufactured by Nissan "for export to the United States and Canada." In paragraph 19(e) of his declaration, he also concluded that the specific forklift in this case "was exported by Nissan Motor Co Ltd., directly or indirectly, to the United States." Herbert did not say what he meant by "directly or indirectly." He also did not claim the forklift was exported to California.

Herbert next opined that in or around 1986, Nissan was "marketing, selling, servicing and advertising their forklifts, including forklift model number DF05N70V, in California"—but

also that in or around 1986, Nissan was "marketing, selling and advertising their forklifts, *directly or indirectly,* to California residents." (Italics added.) The court later found that these two statements conflicted and the latter statement in paragraph 19(g)—the one including the words "directly or indirectly"—controlled.

Herbert did not identify the factual basis for his "directly or indirectly" opinion in paragraph 19(g). To the extent he relied on a United States International Trade Commission report for this opinion, the court denied plaintiff's request for judicial notice of that report, finding that "[n]othing in the report discusses California, or discusses how the imports got from [Nissan] to the United States … or, more specifically, to CA." And to the extent Herbert relied on a series of newspaper advertisements and articles involving the sale of forklifts, the court also denied plaintiff's request for judicial notice of those documents.

Herbert also opined in paragraph 19(h) that in or around 1986, Nissan was "providing after-market service, including issuing service and technical bulletins, for their forklifts that were located in California." The court found this statement to be unsupported by the cited exhibits.

Last, Herbert opined in paragraph 19(i) that Nissan "fostered ongoing relationships with the residents of California that owned their forklifts by … supplying their original forklift parts to California residents and issuing service, advisory and technical bulletins, for forklifts that were located in California." The court found this statement to be unsupported, and sustained Nissan's objection.

Following an unreported hearing on August 26, 2021, the court granted the motion to quash. The court found that plaintiff

"failed to show, under the test of *J. McIntyre* [*v. Machinery, Ltd. v. Nicastro* (2011) 564 U.S. 873 (*J. McIntyre*)], that [Nissan] is subject to jurisdiction in California."[3] The court also found plaintiff failed to show that Nissan "marketed its products in California and/or provided after-market service for its products in California." This appeal followed.

## DISCUSSION

### 1.     The Appellant's Burden on Appeal

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

The appellant has the burden to show error, even if the appellant did not bear the burden in the trial court. (See *Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.) When an opening brief fails to make appropriate references to the record in connection with points urged on appeal, the appellate court may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v.*

---

[3] This case held that merely placing a product into the stream of commerce, even with knowledge that the product might enter the forum state, is not a sufficient basis for personal jurisdiction over a nonresident defendant. (*J. McIntyre*, *supra*, 564 U.S. 873, 885–886 (plur. opn.).)

*GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 [several contentions on appeal forfeited because appellant failed to provide record citations demonstrating it raised those contentions at trial].) Matters not properly raised or that lack adequate legal discussion will be also deemed forfeited. (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

A party who contends that a particular finding is not supported by substantial evidence is obligated to set forth in its brief *all* the material evidence on the point, not merely the party's own evidence. (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1657–1659.) Facts must be presented in the light most favorable to the judgment (*id*. at pp. 1657–1658), and the burden on appellant to provide a fair summary of the evidence " ' "grows with the complexity of the record. [Citation.]" ' " (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 739 (*Myers*); see Cal. Rules of Court, rule 8.204(a)(1)(C)[4] [briefs must support any reference to a matter in the record with a citation to the record]; rule 8.204(a)(2)(C) [appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record"].) The appellant forfeits or waives a claim of lack of substantial evidence to support a finding by failing to set forth, discuss and analyze all the evidence on that point. (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [error is deemed to be waived]; *Myers, supra*, 178 Cal.App.4th at p. 749 [same].)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an

---

[4] All further rule citations are to the California Rules of Court.

appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citations.]" (*Ibid.*)

## 2.    Legal Principles and Standard of Review

"California courts may exercise personal jurisdiction on any basis consistent with the Constitutions of California and the United States." (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 268 (*Pavlovich*); Code Civ. Proc., § 410.10.) A state court's assertion of personal jurisdiction over a nonresident defendant who has not been served with process within the state comports with the requirements of the due process clause of the federal Constitution if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate traditional notions of fair play and substantial justice. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 (*Vons*); *Ford Motor Company v. Montana Eighth Judicial Dist. Court* (2021) 592 U.S. ___ [209 L.Ed.2d 225, 141 S.Ct. 1017, 1024].)

"Personal jurisdiction may be either general or specific." (*Vons, supra*, 14 Cal.4th at p. 445.) Here, plaintiff does not contend Nissan is subject to general jurisdiction. We therefore consider only whether Nissan is subject to this California lawsuit based on specific jurisdiction. There are three requirements for the exercise of specific jurisdiction: (1) the defendant has purposefully availed itself of forum benefits; (2) the controversy is

8

related to or arises out of the defendant's contacts with the forum; and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice. (*Pavlovich, supra*, 29 Cal.4th at p. 269.)

"When a defendant moves to quash service of process on jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction. [Citation.] Once facts showing minimum contacts with the forum state are established, however, it becomes the defendant's burden to demonstrate that the exercise of jurisdiction would be unreasonable. [Citation.] When there is conflicting evidence, the trial court's factual determinations are not disturbed on appeal if supported by substantial evidence. [Citation.] When no conflict in the evidence exists, however, the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record. [Citation.]" (*Vons, supra*, 14 Cal.4th at p. 449.) Moreover, "whenever conflicting evidence is presented in affidavits on a motion to quash, it is presumed the trial court resolved such conflicts against the appellant and in support of its order." (*Kroopf v. Guffey* (1986) 183 Cal.App.3d 1351, 1359.) "An unverified complaint has no evidentiary value in meeting the plaintiff's burden of proving minimum contacts. [Citation.] The appellate court generally may not consider evidence not before the trial court." (*DVI, Inc. v. Superior Court* (2002) 104 Cal.App.4th 1080, 1090–1091.)

### 3.      Plaintiff's appellate briefs are fatally deficient.

We begin with several observations about plaintiff's appellate briefs. As just explained, the applicable standard of review requires us to examine the legal basis of the claim at issue, the evidence presented by the moving party, and the

evidence submitted by the opposing party, to determine whether the court erred in granting Nissan's motion to quash. But as acknowledged by plaintiff in her reply brief, other than the purposeful availment requirement, she does not address the two other requirements for exercising specific jurisdiction over a nonresident: whether the controversy arises out of Nissan's contact with the forum and whether the assertion of personal jurisdiction would comport with notions of fair play and substantial justice. This omission is fatal. Any claimed error concerning the court's purposeful availment determination cannot be prejudicial unless plaintiff also carried her burden of proving *all* the requirements for establishing specific jurisdiction over Nissan. (See *Pavlovich, supra*, 29 Cal.4th at p. 269 [specific jurisdiction requirements]; *Century Surety Co. v. Polisso, supra*, 139 Cal.App.4th at p. 963 [prejudice].) Notably, plaintiff provides no authority to support her position that "there was no need for [plaintiff] to address the related to/arise out of, and the fair play/substantial justice, elements because the trial court did not base its decision on it."

Nor does the opening brief include any meaningful discussion or analysis of the evidence presented by Nissan, or of the three cases cited by plaintiff to support her claim of error. Instead, plaintiff asserts, without providing any context whatsoever, that the evidence relied upon by the court to rule on Nissan's motion to quash is not in dispute. She also does not explain how the cited cases provide a basis for finding specific jurisdiction over Nissan and reversing the court's order. (See *Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 523 ["Conclusory assertions of error are ineffective in raising issues on appeal."].) In any event, plaintiff is

mistaken. The evidence supporting the exercise of specific jurisdiction over Nissan was in dispute. At minimum, Herbert's assertion that Nissan was marketing, selling, and advertising its forklifts, directly or indirectly, to California residents conflicted with Trussell's declaration that Nissan does not conduct business in California, does not sell or distribute vehicles or parts in California, and never exported the forklift to California or the United States.

To the extent plaintiff suggests that Nissan conducted business in California indirectly through a third party, Trussell stated that its California subsidiary, NNA—the entity responsible for the distribution and sale of vehicles in the United States—is not Nissan's agent and Nissan does not exercise any day-to-day control over NNA. It is also well-settled that "neither ownership nor control of a subsidiary corporation by a foreign parent corporation, without more, subjects the parent to the jurisdiction of the state where the subsidiary does business." (*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 540.)

In addition, it is not enough to merely assert that Nissan should be subjected to California's jurisdiction because Trussell did not say that Nissan was not *indirectly* marketing, selling, and advertising its forklifts to California residents. It is plaintiff's burden to present evidence and analysis supporting her chosen jurisdictional theory. Moreover, as noted, much of plaintiff's evidence involving Nissan's purported business activities was held inadmissible or unpersuasive and she does not challenge those rulings on appeal. And while the court may have found Herbert's statement in paragraph 19(g) that Nissan *indirectly* marketed, sold, serviced, or advertised forklifts in California

through a distributor *admissible,* the court did not find that the statement was *true* or *persuasive.* Put another way, plaintiff's contention that the court "accepted" plaintiff's evidence is undermined by its ultimate finding that she did not show that Nissan is subject to jurisdiction in California.

We could conclude our analysis here based upon plaintiff's failure to carry her burden on appeal. Instead, we briefly address her contention that the court erred in finding that Nissan did not purposely avail itself of California's benefits and protections.

### 4. Plaintiff did not show that Nissan purposely availed itself of the benefits and protections of this forum.

Although not entirely clear, plaintiff contends the trial court had specific jurisdiction over Nissan because it directed some unidentified subsidiary or distributor to carry out business activities in California on Nissan's behalf. We are not persuaded.

When commercial activities are conducted on behalf of an out-of-state party, "those activities may sometimes be ascribed to the party, [citation], at least where he is a 'primary [participant]' in the enterprise and has acted purposefully in directing those activities[.]" (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 479, fn. 22.) For example, *Empire Steel Corp. v. Superior Court* (1961) 56 Cal.2d 823 held a foreign corporation could be subject to specific jurisdiction in California where the claims asserted arose out of the parent's manipulation of the subsidiary. (*Id.* at p. 832.) The court concluded the parent corporation was subject to jurisdiction in California because it "knowingly caused its California subsidiary to make the contracts in suit" and therefore "engaged in activities creating substantial contacts within California in relation to the claim asserted." (*Ibid.*)

12

Here, there is no such evidence or finding.[5] In the portion of his declaration relied on by plaintiff, Herbert said Nissan marketed, sold and advertised its forklifts "directly or indirectly" to California residents. This statement did not compel the court to conclude that Nissan deliberately directed someone else to market, sell or advertise forklifts in California. Saying "indirectly" does not differentiate, for example, between Nissan deliberately directing another entity to market forklifts in California, and Nissan merely selling forklifts to that entity and the entity marketing them in California. The former might be purposeful availment; the latter is not. Put differently, selling a product to another entity, even with knowledge that the entity will then sell it in California, is not, by itself, purposeful availment. (See *Bombardier Recreational Products Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 604 [although the company knew when it contracted to provide fuel tanks that they would be used in personal watercraft that would be sold in California, it would still not provide sufficient minimum contacts with California].)

To summarize, Herbert's conclusory declaration could be consistent with the *possibility* of purposeful availment. But it could also be consistent with the possibility Nissan merely sold forklifts to a third party with knowledge they might be marketed or resold in California. And, of course, we defer to the trial court's resolution of evidentiary conflicts and express and implied findings. (See *Kroopf v. Guffey*, *supra*, 183 Cal.App.3d at p. 1359.)

---

[5] We disregard plaintiff's citation to evidence submitted by a different party after the court granted Nissan's motion.

For these reasons, plaintiff has not met her burden of demonstrating that the court erred in granting Nissan's motion to quash.

## DISPOSITION

The order is affirmed. Defendant and respondent Nissan Motor Co., Ltd. shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


RICHARDSON, (ANNE K.) J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14